IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO L. FREEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00295 |
| LISA JENETTE DOWLING, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) ) |

**MEMORANDUM AND ORDER**

On April 12, 2021, Plaintiff Antonio L. Freeman, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

By Order entered May 4, 2021, the Court denied Plaintiff's IFP application because 28 U.S.C. § 1915(g) bars him from proceeding as a pauper, given the dismissal of three prior filings for failure to state a claim and the fact that his current Complaint does not allege that he is in imminent danger of serious physical injury. (Doc. No. 4.) "In no event" is an inmate allowed to proceed as a pauper under such circumstances. 28 U.S.C. § 1915(g); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 584–85 (6th Cir. 2013).

Accordingly, the Court gave Plaintiff 30 days in which to pay the full filing fee and warned him that failure to do so would result in the dismissal of his case for want of prosecution and the assessment of the fee against him. (Doc. No. 4 at 3–4.) On May 19, 2021, he filed three documents (totaling 127 pages) which include a Motion to Amend his Complaint in order to add Defendants (Doc. No. 5), "supportive declarations" (Doc. No. 6), and a pleading styled "U.S. Constitution/Civil Rights Violation 1983." (Doc. No. 7.) None of these filings challenge the

Court's determination that Plaintiff is subject to the pauper-status bar of Section 1915(g). Plaintiff's 30-day deadline has now passed, and he has failed to pay the filing fee or request an extension of time in which to do so.

Dismissal of this action is therefore required. This outcome is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). In view of Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and the $402 filing fee[1] is hereby **ASSESSED** against Plaintiff, *see In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), with payment to be made as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's

---

[1] Title 28 U.S.C. § 1914 requires a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." § 1914(a) and (b). The Judicial Conference has prescribed a $52 administrative fee for filing any civil case, which does not apply to cases in which the plaintiff is granted leave to proceed IFP. Accordingly, plaintiffs who are not granted pauper status are liable for a $402 fee, while those who are granted pauper status are only assessed $350.

preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $402 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows the plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE